# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE YOUNG,<br>#M-42477,<br><br>        Plaintiff,<br><br>vs.<br><br>ILLINOIS DEPT. OF CORRECTIONS,<br>JOHN BALDWIN,<br>LAWRENCEVILLE CORRECTIONAL<br>CENTER WARDEN,<br>LT. WILLIAMS,<br>MAJOR BAYLER,<br>C/O HUGHES,<br>LT. KIDD and<br>JOHN DOES,<br><br>        Defendants. | Case No. 18−cv−01316−SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jermaine Young, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Lawrence Correctional Center ("Lawrence"). (Doc. 1). Specifically, Plaintiff claims that prison officials responded to his request for crisis intervention and mental health treatment with excessive force on June 15, 2017, that he was injured in the process and that prison officials ignored his requests for treatment. (Doc. 1, pp. 2-4). He seeks monetary damages and criminal charges[1] against them. (Doc. 1, p. 4).

The Complaint is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

---

[1] An inmate cannot used § 1983 to compel a criminal prosecution. *Wimberly v. Julius*, 606 F. App'x 309, 311 (7 Cir. 2015) *cert. denied*, 136 S. Ct. 504 (2015).

1

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id*. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Complaint

During his incarceration at Lawrence, Plaintiff became depressed after losing a close friend. (Doc. 1, pp. 2-3). He began hearing voices that told him to harm himself and his cellmate. (Doc. 1, p. 3). Around 6:00 p.m. on June 15, 2017, Plaintiff asked Officer Puckett and several other unknown officers in 5-House ("John Does") for permission to speak with a mental health professional before anything happened. *Id*. Officer Puckett told Plaintiff to "cuff up," and Plaintiff complied. *Id*. The officer then escorted Plaintiff to a shower in the segregation unit (B-

2

Wing).  *Id*.  When Plaintiff asked why he was being taken to segregation, Officer Puckett explained that it was because he threatened to kill his cellmate.  *Id*.  This was not true.  *Id*.

Once in B-Wing, Lieutenant Williams placed Plaintiff in a shower in Special Housing Unit B and removed his cuffs.  (Doc. 1, pp. 2-3).  R/O Hughes then grabbed Plaintiff's arm and shoved it against the metal shower door, causing injury.  *Id*.  Blood began "gushing" from a "deep, wide" wound.  *Id*.  Plaintiff asked to see a medical technician.  *Id*.  R/O Hughes ignored the request and ordered Plaintiff to remove his state-issued uniform.  *Id*.  Plaintiff repeated his request for a medical technician, and Lieutenant Kidd assured Plaintiff that a medical technician would be contacted.  (Doc. 1, p. 3).  An unidentified medical technician eventually arrived and examined Plaintiff's wound, saying, "It's not that bad."  *Id*.  A group of officers then told the medical technician to leave.  *Id*.

Major Bayler approached Plaintiff and said, "Young[,] let's talk about what happened." (Doc. 1, p. 3).  After placing Plaintiff back in cuffs, Major Bayler forced Plaintiff into a different shower, saying, "I'm not going to play with you.  I will kill you, you stupid young fuck.  Now take everything off and strip out so I can get back to my coffee."  (Doc. 1, p. 4).  Plaintiff complained that the officer was hurting his arm and begged Major Bayler to let go of him.  *Id*. Bayler told Plaintiff that he did not "give a fuck about [the] cut and . . . he hoped it would turn blue."  *Id*.  The segregation officers then stripped Plaintiff and left him bleeding in a segregation cell for more than two hours.  *Id*.

Around 8:30 or 9:00 p.m., Plaintiff asked Officer Simpson to take him to the health care unit ("HCU") for medical treatment.  (Doc. 1, p. 4).  The officer agreed to do so.  *Id*.  In the HCU, Plaintiff met the same technician who examined him earlier that evening.  *Id*.  She took

3

one look at Plaintiff's wound and decided that he needed treatment at a hospital. *Id*. Plaintiff was taken to Lawrence County Memorial Hospital where he received three stitches. *Id*.

When Plaintiff returned to the prison, Officer Bayler told Lieutenant Kidd to "write [Plaintiff] a ticket to cover his ass." (Doc. 1, p. 4). Lieutenant Kidd issued Plaintiff a ticket for disobeying a direct order, insolence, intimidation, and threats. *Id*. He was found guilty of the rule violations and punished with 30 days in segregation. *Id*.

### Claims

To facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants for failing to provide Plaintiff with mental health treatment when he complained of depression, suicidal ideations, and auditory delusions on June 15, 2017.

**Count 2:** Eighth Amendment claim against Defendants for using excessive force against Plaintiff and/or failing to protect him from the unlawful use of force by prison officials on June 15, 2017.

**Count 3:** Eighth Amendment deliberate indifference claim against Defendants for ignoring Plaintiff's requests for treatment of the "deep, wide" wound on his arm that was actively bleeding on June 15, 2017.

**Count 4:** First and/or Fourteenth Amendment claim against Defendants for issuing Plaintiff a false disciplinary ticket in order to cover up their own misconduct on June 15, 2017.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any claim not identified above but encompassed by the**

**allegations in the Complaint shall be considered dismissed without prejudice from this action for failure to satisfy the *Twombly* pleading standard.**

## Discussion

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and that (2) the deprivation was visited upon him by a person acting under color of state law. *Buchanan–Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004)). The doctrine of *respondeat superior* does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, in order be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Id.* at 740 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Against this backdrop, the Court will consider each of Plaintiff's claims.

## Claims Subject to Further Review

Plaintiff's first three claims arise under the Eighth Amendment, which safeguards prisoners against cruel and unusual punishment. U.S. Const. amend. VIII. All Eighth Amendment claims have an objective and a subjective component, and a claim must satisfy both components to survive preliminary review.

To state an Eighth Amendment claim based on the denial of medical care or mental health treatment, an inmate must show that he suffered from a serious medical condition (*i.e.*, an objective standard), and that the defendants responded with deliberate indifference (*i.e.*, a

subjective standard). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Deliberate indifference exists when a prison official is aware of and disregards a substantial risk of harm to the plaintiff. *Id*.

In the context of an excessive force claim, the Eighth Amendment standard is different. A plaintiff must show that a prison official "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). *See also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Thus, the relevant inquiry focuses on the nature of force applied and not on the injury that resulted. *Reid v. Melvin*, 695 F. App'x 982, 983 (7th Cir. 2017) (citing *Hudson*, 503 U.S. at 1, 9).

**Count 1**

Count 1 does not survive screening. Although the allegations satisfy the objective component of the claim, they do not satisfy the subjective component. *Meriwether v. Falkner*, 821 F.2d 408, 413 (7th Cir. 1987) (a psychiatric or psychological condition may present a serious medical need). The allegations do not suggest that the defendants responded to Plaintiff's request for mental health treatment with deliberate indifference. (Doc. 1, p. 4).

Plaintiff asked Officer Puckett and several unknown officers for permission to speak to a counselor on June 15, 2017, after he began hearing voices that told him to hurt himself and his cellmate. (Doc. 1, pp. 2-4). Puckett responded by taking Plaintiff from 5-House to B-Wing, where Plaintiff received no mental health treatment. *Id*. Although the Complaint might sufficiently state a deliberate indifference claim against Officer Puckett, Plaintiff did not name the officer as a defendant. When parties are not listed in the case caption or list of defendants,

this Court will not treat them as defendants, and any claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Further, the allegations do not allege or suggest Defendant John Does knew that Plaintiff was denied mental health treatment after Officer Puckett took him from 5-House. Their ignorance of events that took place outside their presence does not amount to deliberate indifference. No other defendants are named in connection with this claim. Accordingly, Count 1 will be dismissed without prejudice against Defendants John Does, as well as all other defendants and non-parties.

**Count 2**

The excessive force claim in Count 2 survives preliminary review. According to the Complaint, Lieutenant Williams, R/O Hughes, Lieutenant Kidd, and Major Bayler were involved in the use of excessive force against Plaintiff on June 15, 2017. The Court construes this claim broadly to include both the use of excessive force and the failure to intervene and prevent its unlawful use. Count 2 shall proceed against these defendants. However, because no other defendants are named in connection with the incidents that occurred in the shower on that date, this claim will be dismissed without prejudice against all other defendants.

**Count 3**

The deliberate indifference to medical needs claim survives screening against Lieutenant Williams, R/O Hughes, and Major Bayler. Each of these defendants was allegedly present for or participated in the use of excessive force against Plaintiff on June 15, 2017. (Doc. 1). Plaintiff suffered a "deep, wide" wound to his arm. (Doc. 1, pp. 2-4). The wound allegedly "gush[ed]"

blood for several hours. *Id*. Lieutenant Kidd took steps to help Plaintiff secure medical treatment, but the others did not. *Id*. Defendants Williams, Hughes, and Bayler ignored Plaintiff's complaints of pain and his repeated requests for medical treatment. *Id*. Therefore, Count 3 shall receive further review against Defendants Williams, Hughes, and Bayler, but not Lieutenant Kidd. This claim will be dismissed without prejudice against all other defendants. Also, because Plaintiff did not name the medical technician as a defendant, this claim is considered dismissed without prejudice against her as well.

## Claim Subject to Dismissal

### Count 4

Count 4 does not survive screening. Although the Court has characterized this claim as arising under the First and/or Fourteenth Amendment, it is largely undeveloped. Plaintiff alleges that Officer Bayler told Lieutenant Kidd to issue him a disciplinary ticket to "cover his ass." (Doc. 1, p. 4). Plaintiff was subsequently found guilty of the rule violation(s) and punished with thirty days in segregation. *Id*.

If Officer Bayler and Lieutenant Kidd issued the ticket in order to prevent Plaintiff from pursuing a non-frivolous grievance against them, Plaintiff may be able to bring a First Amendment retaliation claim. To state a claim, the plaintiff must demonstrate that (1) he engaged in conduct protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the protected conduct was a "motivating factor" for taking the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Plaintiff makes no such allegation. In fact, he does not identify what, if any, protected conduct prompted the defendants

to issue him a retaliatory and false disciplinary ticket. The First Amendment claim does not survive preliminary review due to these pleading deficiencies.

The incident may support a Fourteenth Amendment due process claim if Plaintiff was deprived of a protected liberty interest without due process of law. Due process protections are not available in this context, unless a protected liberty interest is at stake. *Meachum v. Fano*, 427 U.S 215, 223-24 (1976). A protected liberty interest arises only if Plaintiff's confinement in segregation "impose[s] an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). When making this determination, courts consider two factors: "the combined import of the duration of the segregative [sic] confinement *and* the conditions endured." *Id*. at 743 (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original)). In other words, a liberty interest may arise if the length of confinement in segregation is substantial and the record reveals that the conditions of confinement were unusually harsh. *Marion*, 559 F.3d at 697-98, n. 2.

Here, the Complaint reveals nothing about the conditions of confinement in segregation. Nor does it suggest that Plaintiff's time spent there was particularly long. Without more, Count 4 does not survive preliminary review and it shall be dismissed under the First and Fourteenth Amendment without prejudice.

## Defendants Subject to Dismissal

The Illinois Department of Corrections ("IDOC"), IDOC Director John Baldwin, and Lawrence Correctional Center's Warden must also be dismissed at screening. Plaintiff names these three defendants in the case caption and in the list of defendants, but he does not mention any of them in the statement of his claim. (Doc. 1, pp. 1-2, 4-5). Merely invoking the name of a

potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Moreover, the Court is unable to discern whether each defendant was personally responsible for the deprivation of Plaintiff's constitutional rights. Dismissal of all three defendants is appropriate on this ground alone.

IDOC must be dismissed with prejudice because it is not a "person" who is subject to a suit for money damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). As Plaintiff brings this action for money damages and not injunctive relief, his money damages claim against the IDOC is barred by the Eleventh Amendment.

Director Baldwin and Lawrence's Warden shall be dismissed without prejudice. Plaintiff presumably named both of these individuals as defendants because of their supervisory roles within the prison system. But as previously explained, there is no supervisory liability in a § 1983 action. *Sanville v. McCaughtry*, 266 F.3d at 740. Instead, each defendant must be "personally responsible for the deprivation of a constitutional right." *Id*. at 740 (quoting *Chavez*, 251 F.3d at 651). Because the Complaint makes no allegations against IDOC Director Baldwin or Lawrence's Warden, the Court is unable to determine whether either individual was

personally responsible for a constitutional deprivation. Director Baldwin and Lawrence's Warden will therefore be dismissed from this action without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1** and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** against Defendants **WILLIAMS, HUGHES, KIDD,** and **BAYLER** and **COUNT 3** against Defendants **WILLIAMS, HUGHES,** and **BAYLER** survive screening and will receive further review.

**IT IS ORDERED** that Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** is **DISMISSED** with prejudice and Defendants **JOHN BALDWIN, LAWRENCE CORRECTIONAL CENTER'S WARDEN,** and **JOHN DOES** are **DISMISSED** without prejudice because the Complaint fails to state a claim for relief against them.

As to **COUNTS 2** and **3**, the Clerk of Court shall prepare for Defendants **LIEUTENANT WILLIAMS, C/O HUGHES, LIEUTENANT KIDD,** and **MAJOR BAYLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 7, 2018**

s/ STACI M. YANDLE
United States District Judge