IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERMAINE YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-1316-SMY-RJD |
| | ) | |
| LT. WILLIAMS, MAJOR BAYLER, C/O HUGHES, and LT. KIDD, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 25). For the reasons set forth below, the Motion is **GRANTED**.

Plaintiff Jermaine Young, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center. In his original complaint, Plaintiff alleged that he asked Officer Puckett and other unknown officers in the 5-House to speak with a mental health professional. The officers ignored Plaintiff's request and escorted him to a shower in the segregation unit where he was shoved by Officer Hughes and sustained an injury to his arm. Plaintiff asked to see a medical technician, but once the medical technician arrived a group of unknown officers told the technician to leave. Major Bayler then forced Plaintiff into a different shower. Segregation officers stripped Plaintiff and left him bleeding in a segregation cell for more than two hours. Later that evening, Plaintiff was taken to the healthcare unit by Officer Simpson and received stiches at Lawrence County Memorial Hospital.

When Plaintiff returned to Lawrence, Officer Bayler told Lieutenant Kidd to write Plaintiff a ticket, which he did. Plaintiff was later found guilty of disobeying a direct order, insolence, intimidation, and threats. Plaintiff's complaint was screened under 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count 2: Eighth Amendment claim against Defendants Williams, Bayler, Hughes, and Kidd for using excessive force against Plaintiff and/or failing to protect Plaintiff from the unlawful use of force by prison officials on June 15, 2017.
>
> Count 3: Eighth Amendment deliberate indifference claim against Defendants Williams, Hughes, and Bayler for ignoring Plaintiff's requests for treatment of the wound on his arm that was actively bleeding on June 15, 2017.

At screening, the Court dismissed Officer Puckett because Plaintiff did not list Puckett in the case caption or list of defendants. The Court also dismissed the John Doe defendants finding there was no allegation suggesting they knew Plaintiff was denied mental health treatment after Officer Puckett took him from 5-House. In the motion to amend now before the Court (Doc. 25), Plaintiff seeks to bring an Eighth Amendment claim against Officer Puckett for failing to provide him with mental health treatment after he told Puckett he was suffering auditory delusions on June 15, 2017. Plaintiff also seeks to bring an Eighth Amendment claim against John Doe officers for making the medical technician leave without attending to Plaintiff's arm wound on June 15, 2017.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments

do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's motion is not unduly delayed or brought with any apparent dilatory motive. Moreover, Plaintiff's allegations are sufficient to state an Eighth Amendment deliberate indifference claim against Officer Puckett and the John Doe defendants. For these reasons, Plaintiff's Motion to Amend is **GRANTED**.

Plaintiff shall now proceed in this action on the following claims (the enumeration of the counts as set forth below shall be used by the Court and the parties for the remainder of this litigation):

> Count 1: Eighth Amendment claim against Defendants Williams, Bayler, Hughes, and Kidd for using excessive force against Plaintiff and/or failing to protect Plaintiff from the unlawful use of force by prison officials on June 15, 2017.
>
> Count 2: Eighth Amendment deliberate indifference claim against Defendants Williams, Hughes, Bayler, and John Doe officers for ignoring Plaintiff's requests for treatment for the wound on his arm that was actively bleeding on June 15, 2017.
>
> Count 3: Eighth Amendment deliberate indifference claim against Defendant Puckett for failing to provide Plaintiff with mental health treatment when he complained of auditory delusions on June 15, 2017.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as the First Amended Complaint. The Clerk of Court shall prepare for Defendant Officer Puckett: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk

within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Finally, Plaintiff is **ADVISED** that pursuant to the Scheduling and Discovery Order in this matter, any motions for leave to amend the pleadings, including the identification of the John Doe defendants, must be filed by **August 2, 2019**.

**IT IS SO ORDERED.**

**DATED: June 12, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**